IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERLIN BOLDRY and** | § | |
| **JUDITH BOLDRY,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action. No. **3:08-CV-0511-L** |
| | § | |
| **PAM TEXAS INJURY PLAN and** | § | |
| **SEDGWICK CLAIMS** | § | |
| **MANAGEMENT SERVICES, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are:  (1) Motion to Remand to Administrator or Alternatively to Supplement Record, filed September 22, 2008; and (2) Defendants Pam Texas Injury Plan and Sedgwick Claims Management Services, Inc.'s Motion for Summary Judgment, filed October 15, 2008.  After carefully considering the motions, briefs, record, and applicable law, the court **grants** Motion to Remand to Administrator, **denies as moot** Plaintiffs' Alternative Motion to Supplement Record, and **denies as moot** Defendants Pam Texas Injury Plan and Sedgwick Claims Management Services, Inc.'s Motion for Summary Judgment.

## I.       Factual and Procedural Background

Plaintiffs Verlin Boldry and Judith Boldry (together, "Plaintiffs") filed their original complaint on March 25, 2008, asserting claims of breach of contract and breach of fiduciary duty against Defendants Pam Texas Injury Plan and Sedgwick Claims Management Services, Inc. (together, "Defendants" or the "Plan").  Plaintiffs seek damages, lost wages, attorney's fees, and prejudgment interest.  Plaintiffs were both employed by Pam Transportation Services, Inc. ("PAM"),

**Memorandum Opinion and Order – Page 1**

and they were injured during a collision while working.  They contend that they agreed with PAM upon an employee benefit program within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), and that this contract was breached when Plaintiffs were denied benefits under the Plan because they had reached maximum medical improvement.

## II.     Motion to Remand

Plaintiffs request the court to remand this action to the Plan administrator, allow them to review and supplement the administrative record, and allow the Plan administrator to render its ruling and decision.  They ask that if such a ruling is adverse to their claims, that they be allowed to later litigate them in this action.  Defendants oppose the motion and argue that Plaintiffs filed suit without exhausting their administrative remedies.  They also argue that Plaintiffs' reliance on certain case law is misplaced.  Defendants have also filed a motion for summary judgment, seeking dismissal of all of Plaintiffs' claims.

Plaintiffs contend that the letters sent to them from the Plan denying benefits were defective, that they both requested copies of their claim files, and that Defendants refused to provide the claim files or medical records.  They also contend that they have sought medical records and claim files through discovery in this case.  Despite these requests, Plaintiffs allege that they have not received their claim files or medical records.

Plaintiffs argue that this case is analogous to *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.*, 215 F.3d 475 (5th Cir. 2000).  They also contend that *Abate v. Hartford*, 471 F. Supp. 2d 724 (E.D. Tex. 2006), also supports their position.  Defendants argue that these cases are distinguishable from this action and do not support the request for remand to the Plan administrator.

Plaintiffs argue that Defendants should be estopped from raising the affirmative defense of exhaustion of administrative remedies because Defendants refused to provide certain records to Plaintiffs, thereby making it impossible for them to appeal to the Plan administrator.  In support of their motion, Plaintiffs attach correspondence sent to Defendants requesting copies of their claims files and certain medical records.  They also attach requests for production served on Defendants in this litigation seeking medical records and their claims files.

In *Bourgeois*, the court held that the defendants were estopped from asserting a defense of failure to exhaust administrative remedies because the claimant "relie[d] to his detriment on the words and actions of high-ranking company officers who purport[ed] to negotiate benefit decisions without actual authority."  215 F.3d at 481-82.  The claimant in *Bourgeois* had never received the Summary Plan Description, and the court found that the company "engaged [him] in negotiations regarding his benefits without ever referring him to the proper channels before issuing what appeared to be a final denial."  *Id*. at 482.  After finding that Defendants were estopped from raising this defense, the court remanded the case to the district court for reference to the benefits committee for an initial benefits determination.  *Id*.

In *Abate*, the plan beneficiary moved to supplement the administrative record by adding a vocational analysis that was provided to him before the lawsuit was filed.  471 F. Supp. 2d at 732.  This analysis was not completed until after plaintiff had exhausted his administrative remedies and was provided to the plan administrator.  *Id*. at 729.  The court held that plaintiff was entitled to supplement the administrative record with the vocational analysis.  *Id*. at 732.  After the plaintiff supplemented the administrative record, the court reviewed the plan administrator's decision and

determined that the case should be remanded to the plan administrator for further consideration.  *Id*. at 739.

While neither *Bourgeois* nor *Abate* is precisely like the situation before the court, it is clear that Plaintiffs made several requests to the Plan administrator for their claim files, plan documents, and certain medical documents, and Defendants apparently concede that these documents were never produced to Plaintiffs.  Instead of disputing this, Defendants argue that Plaintiffs' failure to pursue their administrative remedies should be the basis for the dismissal of their claims.

The letters denying Plaintiffs' claims are dated November 16, 2007 (Judith Boldry), and January 16, 2008 (Verlin Boldry).  On November 14, 2007, counsel for Plaintiffs requested copies of the claim files for both Plaintiffs.  On November 26, 2007, counsel requested the medical report prepared by Dr. William Blair that was referenced in Judith Boldry's denial letter.  In that letter, Plaintiffs again requested complete copies of the claim files and a copy of the entire plan because counsel had only the Summary Plan.  Defendants do not dispute that none of the requested documents was ever produced to Plaintiffs.  On December 11, 2007, counsel for Plaintiffs wrote another letter, stating that he had reviewed the summary plan and actual plan and contesting the determination made by the plan administrator.  On January 11, 2008, the plan administrator responded and stated "it is unclear if you are making a formal request for an appeal" and asked Plaintiffs to "please respond in writing if you are formally requesting an appeal on behalf of your client."  On June 20, 2008, counsel for Plaintiffs sent two letters to the Plan administrator stating that each Plaintiff "hereby appeals the Adverse Benefit Determination."  In both letters, counsel restates that he cannot proceed on appeal until he has received requested documents from the Plan administrator.

**Memorandum Opinion and Order – Page 4**

In *Meza v. General Battery Corp.*, 908 F.2d 1262, 1278 (5th Cir. 1990), the court affirmed the dismissal of a plaintiff's claims without prejudice for failure to exhaust administrative remedies despite his contention that he never received the plan summary and had no notice of the administrative procedures.  The court, however, did raise the possibility that the argument might be successful if the plan administrator's "failure to provide [plaintiff] with pension plan information prejudiced him in his efforts to obtain benefits to which he is otherwise entitled."  *Id.* at 1279.

The court has reviewed the parties arguments, cited cases, and evidence, and determines that this situation is similar to what the *Meza* court anticipated in dicta.  There is evidence that the plan administrator failed to provide Plaintiffs with the information required for them to file an appeal, and thus to timely exhaust their administrative procedures.  While Defendants did not withhold information about the administrative process, Plaintiffs never received the documents on which the denials were based.  Accordingly, the court determines that the appropriate remedy is to remand the case to the plan administrator to allow Plaintiffs to review and supplement the administrative record as needed, and after the presentation of such evidence, that the claims administrator render its ruling and decision in accordance with the terms of the Plan and thereafter allow Plaintiffs to review the administrative record.  Because the court remands this case to the Plan administrator, it determines that the best course is to **dismiss** Plaintiffs' claims **without prejudice.**  *See Meza*, 908 F.2d at 1278-80.  Accordingly, the court **grants** Plaintiffs' Motion to Remand to Administrator and **remands** Plaintiffs' claims to the Plan administrator.

III.     **Conclusion**

For the reasons stated herein, the court **grants** Plaintiffs' Motion to Remand to Administrator, **remands** Plaintiffs' claims to the Plan administrator for further proceedings consistent with this opinion, and **dismisses** this action **without prejudice**. Accordingly, the court **denies as moot** Plaintiffs' Alternative Motion to Supplement the Record and Defendants Pam Texas Injury Plan and Sedgwick Claims Management Services, Inc.'s Motion for Summary Judgment. The Plan administrator **shall permit** Plaintiffs to review and supplement the administrative record as needed to develop a complete record and **shall render** a decision in accordance with the terms of the Plan.

**It is so ordered** this 11th day of May, 2009.

Sam A. Lindsay
United States District Judge